NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO ESTRADA BARBARIN, | No. 19-55010 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-00257-VBF-LAL |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted October 15, 2019[**]

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

California state prisoner Ricardo Estrada Barbarin appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253 and, reviewing de novo, *see Maciel v. Cate*,

731 F.3d 928, 932 (9th Cir. 2013), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barbarin contends that there was insufficient evidence to support the jury's finding that he was one of two gunmen whose attack on a group of individuals resulted in the shooting death of a 13-year old boy. However, DNA evidence from two pieces of clothing found at the crime scene matched Barbarin; he matched the physical description of the attackers; the assailants referenced Barbarin's gang, the Eastside Rivas, and its Tiny Dukes clique, of which Barbarin became a member; Barbarin may have had a motive to shoot two of the people in the group, for reasons of "disrespect;" and Barbarin's 2003 interview with a detective included statements that could be interpreted as consciousness of guilt. In light of this record, the state court's conclusion that there was sufficient evidence to convict Barbarin of first-degree murder and attempted murder was not contrary to, nor an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See* 28 U.S.C. § 2254(d)(1); *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam).

**AFFIRMED.**